SCHOTT, Judge.
This is an appeal by the Department of Welfare of the City of New Orleans from a decision of the Civil Service Commission of the City of New Orleans reinstating Henry A. Leroy III to his civil service position from which he had been discharged by his appointing authority.
Leroy was employed as an institutional house parent at the Milne Boys’ Home in New Orleans. He was dismissed for striking a resident of the Home. In the letter of dismissal from the Department Leroy was advised that he was being discharged because of the seriousness of the alleged incident and also because of previous incidents of being under the influence of liquor on three occasions, using physical discipline on inmates on two occasions and refusing to work overtime on two occasions. The evidence was taken by a hearing examiner and the Commission concluded that the appointing authority failed to carry its burden of proof as to the incident for which Leroy was dismissed.
The Commission’s disposition of Leroy’s appeal was governed by Art. 10, § 8(A) of the Louisiana Constitution which provides in part: “The burden of proof on appeal, as to the facts, shall be on the appointing authority.” Under Art. 10, § 12, of the Constitution, the Commission’s action is subject to review on Law and fact. Thus, we have reviewed the record to determine whether the Department has, as it contends, carried its burden of proof to support the dismissal of Leroy from the classified civil service.
Tyronne Carter testified that he was in the television room of the Home to which he was assigned along with a number of other boys when someone called Leroy “brown teeth” whereupon Leroy struck Carter in the chest. There was always a good bit of horse play between Leroy and the boys but Carter denied that this was the setting at this time. However, he did not think that Leroy hit him in anger.
On the other hand, Leroy testified that he simply tapped Carter on the chest after the other boys were laughing and playing and someone called him “brown teeth” and that it was done in the spirit of fun and not with any anger or in a disciplinary context. His testimony was corroborated by Tyronne Baptist, another boy in the group, who gave the following impression of the atmosphere at the time of the alleged incident:
“Everybody — all of the staff and residents clown with each other. They usually tell them something and hit them behind their back or something. And turn around and usually catch them doing something, and hit them; just hit them in the seat. Walk up and hit them; surprise them or something, playing with them.”
While Carter described the blow as hard enough to knock the wind out of him, Leroy *318 and Baptist described it as a light tap on the chest which caused Carter no apparent difficulty.
We have concluded that the Commission did not err in concluding that the Department failed to carry its constitutionally imposed burden of proof, and accordingly the decision of the Commission is affirmed.
AFFIRMED.
REDMANN, J., concurs with assigned reasons.